O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOAN TRAN, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 10-6293 RNB <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER |

    The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//
//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1 **A.    Reversal is not warranted based on the alleged failure of the
2       Administrative Law Judge ("ALJ") to properly develop the record.**

It appears to the Court from plaintiff's portion of the Joint Stipulation with respect to Disputed Issue No. 1 that plaintiff actually is making two contentions: (1) that the ALJ failed in his duty to develop the record with respect to the two apparently missing pages from Dr. Phun's October 16, 2009 Mental Residual Functional Capacity Questionnaire form; and (2) that the ALJ failed to properly consider Dr. Phun's opinions.

As to the first contention, under the Commissioner's regulations, both the claimant and the Social Security Administration ("SSA") bear a regulatory responsibility for developing the evidentiary record. It was incumbent on plaintiff to provide medical evidence showing that she had an impairment or impairments, and how severe her impairment(s) were during the time she claimed to be disabled. See 20 C.F.R. §§ 404.1512(c), 416.912(c). Before deciding that plaintiff was not disabled, it was incumbent on the SSA to develop plaintiff's complete medical history for at least the 12 months preceding the month in which plaintiff filed her application and to make every <u>reasonable</u> effort to help plaintiff get medical reports from her medical sources when plaintiff gave her permission to request the reports. <u>See</u> 20 C.F.R. §§ 404.1512(d), 416.912(d). Here, the record reflects that the SSA fulfilled its affirmative obligation to assist plaintiff in securing medical evidence from Dr. Phun by sending a letter to him requesting that he provide plaintiff's records and offering to pay for them (<u>see</u> AR 290); that, when plaintiff submitted her request for an administrative hearing on October 17, 2008, she indicated that she did not have any additional evidence to produce (<u>see</u> AR 84); that, following the request for a hearing, the SSA advised plaintiff on January 23, 2009 that, if she had additional evidence she wanted the ALJ to consider, she needed to submit it, and that she should contact the SSA if she needed help securing additional evidence (<u>see</u> AR 87); that the SSA sent another letter to plaintiff's counsel on June 16, 2009 in which the SSA

reiterated that it was plaintiff's responsibility to provide the relevant medical evidence and advised that counsel could ask the ALJ to issue a subpoena if a physician was not cooperating with the production of documents important to plaintiff's case (see AR 95); that, at the outset of the administrative hearing, plaintiff's counsel stated that Dr. Phun's October 16, 2009 Mental Residual Functional Capacity Questionnaire form was incomplete and represented that he was submitting the complete document, which the ALJ agreed to accept (see AR 36); and that, when the ALJ discovered after the hearing that Dr. Phun's October 16, 2009 Mental Residual Functional Capacity Questionnaire form still was incomplete, the ALJ's office staff telephoned plaintiff's counsel's office and requested the missing documents, but the copies of the records subsequently sent by plaintiff's counsel merely duplicated the pages already in the record and did not include the missing pages from Dr. Phun's October 16, 2009 Mental Residual Functional Capacity Questionnaire form (see AR 11).

The Court is mindful that the ALJ's special duty to fully and fairly develop the record and to assure that the claimant's interests are considered exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Here, however, the Court finds that the ALJ fulfilled this duty with respect to the missing pages from Dr. Phun's October 16, 2009 Mental Residual Functional Capacity Questionnaire form by informing plaintiff's counsel about the missing pages after the hearing and keeping the record open for the missing pages to be provided. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record."); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (holding that ALJ satisfied any duty to develop record by requesting additional records from claimant and her counsel, and by keeping post-hearing record open for supplemental medical

evidence).

As to plaintiff's second contention, the ALJ's decision reflects that he did consider Dr. Phun's progress notes and the opinions of Dr. Phun that were reflected on the incomplete October 16, 2009 Mental Residual Functional Capacity Questionnaire form. (See AR 17, 18, 19-21, 22, 24-25.) Further, the Court finds that the ALJ provided sufficient specific and legitimate reasons, supported by substantial evidence in the record, for not accepting Dr. Phun's opinions. (See AR 24-25.) Although plaintiff contends that Dr. Phun's opinions are supported by his progress notes, the progress notes for the most part merely reflect plaintiff's self-reported complaints and Dr. Phun's diagnosis of a psychiatric disorder based on those self-reported complaints. It does not follow from the mere diagnosis of a psychiatric disorder that the psychiatric disorder was of disabling severity. See Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir. 1982). Here, one of the reasons given by the ALJ for not accepting Dr. Phun's opinions was that they were based on plaintiff's subjective complaints, which the ALJ had found not credible for the reasons stated elsewhere in his decision. (See AR 24.) The Court notes that plaintiff is not even contesting the ALJ's adverse credibility determination. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (holding that a treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

**B.     Reversal is not warranted based on the ALJ's alleged failure to properly consider whether plaintiff met and/or equaled the criteria of Listing 14.02.**

The Court rejects plaintiff's contention that reversal is warranted based on the ALJ's failure to properly consider whether plaintiff met and/or equaled the criteria of Listing 14.02. In the first place, the ALJ did not find that plaintiff suffered from

systemic lupus erythematosus, but rather that one of her medically determinable impairments was "a history of systemic lupus erythematosus." (See AR 15.) As the ALJ noted, there was no evidence in the record of ongoing treatment for lupus. (See AR 16.) Second, to the extent that plaintiff's contentions with respect to Disputed Issue No. 2 appear to be based primarily on Dr. Phun's incomplete Questionnaire form and progress notes, the Court already has affirmed the ALJ's failure to accept Dr. Phun's opinions. Third, to the extent that plaintiff is making a failure to consider medical equivalence argument, under Social Security Ruling[2] 96-6p, the ALJ is permitted to assume from the signature of a State agency physician on a Disability Determination and Transmittal Form that "consideration has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." Here, the record before the ALJ included Disability Determination and Transmittal Forms from State agency physicians reflecting their initial disability determination and their disability determinations on reconsideration. (See AR 67, 68, 69, 70.)[3]

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: May 23, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3] Although the copies of the Forms included in the Administrative Record do not contain the State agency physicians' signatures, the Court has no basis for believing that the originals were not properly executed in accordance with current rules and practices.

5